HAIGHT *v.* FERGUSON.

Taxation—Sales—Redemption—Notice.
  Instrument executed by sole owners of corporation, but not by corporation itself, assigning corporation's interest in all property of every description, but identifying no particular land, and recorded not as deed but in miscellaneous records, did not constitute assignee as last grantee in regular chain of title, and therefore he was not entitled to notice to redeem from tax sale, especially where corporation was in existence when instrument was executed, and notice was properly given to corporation to redeem (1 Comp. Laws 1929, § 3535).

Appeal from Muskegon; Vanderwerp (John), J. Submitted June 9, 1931. (Docket No. 15, Calendar No. 35,649.) Decided October 5, 1931.

Bill by Louis P. Haight against Willard Ferguson and another to redeem from a tax title. Bill dismissed. Plaintiff appeals. Affirmed.

*Turner, Engle & Cochran,* for plaintiff.

*Cross, Foote & Sessions,* for defendant Ferguson.

Wiest, J. This is a bill to redeem from a tax title on the ground that plaintiff appeared by the record in the office of the register of deeds to be the last grantee in the regular chain of title of the land or of an interest therein, and was not given the notice of sale and right to reconveyance provided by the statute (1 Comp. Laws 1929, § 3535). Title, under the last recorded deed, was in the Muskegon Logging & Land Company, a corporation. The following instrument was of record in liber 17, miscellaneous records, in the office of the register of deeds of Muskegon county:

"Boston, Mass.
"December 26, 1924.

"We, the sole owners of the Muskegon Logging & Land Company of Muskegon, Michigan, do hereby assign all interests of every kind and description to Louis P. Haight for personally accepting the obligations of the company, and hereby authorize him to acquire title to any property or assets which he may be able to acquire.

"Muskegon Logging & Land Co.,
"Louis P. Haight, Pres.
"Grace C. Haight, V. P.
"Alma Bagley, Sec'y.

"Witnesses:
"Beth M. Blodgett
"J. Oliver Sartwell.

"State of Massachusetts ⎱ ss.
"County of Suffolk      ⎰

"On this 22d day of January, 1925, personally appeared before me a notary public, Louis P. Haight, Grace C. Haight, and Alma Bagley, known to me to be the same persons in and who executed

the foregoing instrument and acknowledged the same to be their free act and deed.

"WILLIAM J. CROVEN,
"Notary Public, Suffolk, County, Mass.
(Seal)     "My Commission expires, Nov. 16, 1928."

The circuit judge was of opinion that this instrument was not such a conveyance as entitled the plaintiff to notice. In an opinion the circuit judge stated:

"This instrument does not purport by its terms to be given by the Muskegon Logging & Land Company but by what is said to be the sole owners of the company; and assigns all interest of every kind and description to the plaintiff and authorizes him to acquire title to any property or assets which he may be able to acquire. It is acknowledged by Louis P. Haight, Grace C. Haight and Alma Bagley, individually, and not by the company. It further appears from the proofs in the case that the Muskegon Logging & Land Company was dissolved by an instrument dated August 16, 1925, filed and recorded in the office of the clerk of Muskegon county on August 26, 1926. This, therefore, shows that the corporation was in existence until after the notice to redeem above referred to was delivered to the sheriff and notice of service thereof was filed with the clerk of this county on November 21, 1925.

"Under the circumstances no notice was required to be given of the Ferguson tax title to Louis P. Haight, he not being within the meaning of the tax law the grantee in the last recorded deed in the regular chain of title."

Notice was given to the Muskegon Logging & Land Company. Was plaintiff entitled to notice? The corporation was the last grantee of record. The instrument under which plaintiff claims did not constitute him a grantee in the regular chain of title.

The instrument was not executed by the corporation and was not recorded as a deed but in the miscellaneous records, identified no land and to ascertain the scope thereof required extrinsic evidence. The statute does not require an investigation beyond an affirmative showing of record. The corporation was in existence when the mentioned instrument was executed. Notice of right to redeem was properly given to the corporation.

The decree dismissing the bill is affirmed, with costs to defendant.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.